

199 WATER STREET  NEW YORK, NY 10038  TEL: 212-577-3300  FAX: 212-509-8481  www.legal-aid.org

**John K. Carroll**
*President*

**Janet E. Sabel**
*Attorney-in-Chief*

**Justine M. Luongo**
*Attorney-in-Charge*
*Criminal Practice*

**Via ECF**                                             February 14, 2020

Hon. Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

### Re: Medina v. City of New York, et al., 19-cv-09412-AJN

Your Honor:

    Plaintiff Tomas Medina submits this letter in opposition to the letter motion of Defendants represented by the New York City Law Department ("Defendants") to stay the matter pending resolution of Defendants' partial motion to dismiss (ECF No. 65). Defendants have already taken more than four months to make representation decisions and to file the motion to dismiss. Because several claims remain untouched by the partial motion to dismiss, this case will continue even if the motion is successful. To put off discovery would pointlessly prolong litigation and needlessly prejudice Mr. Medina. Accordingly, Defendants' motion should be denied.

    In determining whether to grant a stay, "a court must consider the stage of the litigation, the type of motion currently pending, and other case-specific factors." *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992). "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Id.* (citing *In re Chase Manhattan Corp. Secur. Litigation*, 1991 WL 79432, at *1 (S.D.N.Y May 7, 1991); *see also In re WRT Energy Sec. Litig.*, 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996) ("[T]he issuance of a stay is by no means automatic" during the pendency of a motion to dismiss.). "An overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd*, 297 F.R.D. 69, 72 (quoting *Clemons v. Hayes*, 2011 WL 2112006, at *3 (D. Nev. May 26, 2011)). The party requesting a stay "bears the burden of establishing its need." *Clinton v. Jones,* 520 U.S. 681, 708 (1997).

    Defendants have not met their burden. They argue that discovery should be stayed because it will be "expensive and costly" and because "strategic decisions" will be impacted by the ruling on the partial motion to dismiss. These speculative points are insufficient. In *Waltzer v. Conner*, the court denied defendants' motion for a stay of discovery pending resolution of their

motion to dismiss because "good cause is not necessarily established solely by showing that discovery may involve inconvenience and expense." 1985 WL 2522, at *1 (S.D.N.Y Sept. 12, 1985) (citing *Isaac v. Shell Oil Co.* 83 F.R.D. 428, 431 (E.D. Mich. 1979)).

Further, courts have found a stay of discovery inappropriate in cases where dismissal of a complaint is not "inevitable." *See, e.g.*, *In re Chase Manhattan Corp. Sec. Litig.*, 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991) (finding "commencement of the discovery process, while no doubt imposing some burden on defendants, will advance the ultimate disposition of this action" where dismissal of the underlying complaint was not "inevitable"); *accord Waltzer*, 1985 WL 2522, at *1. This is particularly true in cases where dismissal of a complaint is impossible because not all claims are subject to a motion to dismiss. *See, e.g.*, *In re Towers Fin. Corp Noteholders Litig.*, 1996 WL 622386, at *3 (S.D.N.Y Jan. 29, 1996) (permitting discovery to proceed where parties subject to discovery would likely "remain a party to at least one action for at least some claims").

In this case, Defendants' partial motion to dismiss is limited to Plaintiff's claim for equitable relief and to a subset of Plaintiff's claims against a subset of the Defendants. Even if the motion were to succeed, litigation would proceed as to the rest of Plaintiff's claims: excessive force under 42 U.S.C. § 1983 against Defendants Nunez, Hansler, Htoo, Siciliano, and Doe (ECF No. 1, Complaint ¶¶ 145-150); failure to intervene against Defendant Hansler (*id.* ¶¶ 156-159); state-law assault and battery against Defendants Nunez, Hansler, Htoo, Siciliano, and Doe (*id.* ¶¶ 160-164); state-law negligent retention and promotion against Defendant City of New York (*id.* ¶¶ 181-187); state-law negligent training against Defendant City of New York (*id.* ¶¶ 188-191); and state-law abuse of process against Defendants Nunez, Hansler, and Callan (*id.* ¶¶ 192-197). A stay would unfairly withhold from Plaintiff discovery to which he will be entitled, no matter how the Court rules on the partial motion to dismiss. A stay would also stretch the timeline of this litigation, without good cause.

Defendants' other cited concern—about a supposed need to file "piecemeal answers"—is irrelevant. Defendants have no obligation to answer any portion of the complaint until after the Court rules on their motion to dismiss, and Plaintiff has not contended otherwise. Defendants have cited no cases holding that the filing of an answer is a prerequisite to discovery, and we are unaware of any such cases.

Accordingly, Plaintiff respectfully requests that the Court deny Defendants' request for a stay.

Respectfully submitted,

S/

William Alexander Lesman

alesman@legal-aid.org

212-298-3155

cc: All counsel of record via ECF