UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TOMAS MEDINA,

               Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

               Defendants.

-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT
FABIO NUNEZ'S MOTION TO
PARTIALLY DISMISS
PLAINTIFF'S INITIAL
COMPLAINT**

19 Civ. 9412 (AJN) (OTW)

## PRELIMINARY STATEMENT

Plaintiff, Tomas Medina ("Plaintiff"), brings this action under 42 U.S.C. §§ 1983 and 1988, and under New York State Law, *inter alia*, for alleged violations of the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff has named as Defendants the City of New York, Police Commissioner James O'Neill, Chief of Department Terrance Monahan, Sergeant Hekmatullah Makhtarzada, Detective Specialist Fabio Nunez, Police Officer Shanee (Pierce) Hansler, Police Officer David Callan, Captain William J. Gallagher, Sergeant Jose A. Gomez, Police Officer Nay Htoo, Police Officer Christopher Siciliano, and Police Officer John Doe ("Defendants").

Plaintiff brings federal claims under 42 U.S.C. § 1983 against Fabio Nunez for false arrest and excessive force arising from Detective Nunez's arrest of plaintiff on July 14, 2018. Plaintiff also alleges causes of action for assault and battery and false arrest under state law. Plaintiff further asserts common law claims of intentional and negligent infliction of emotional distress, and a claim for abuse of process. *Compl.*, 151-180.

Plaintiff's complaint fails to state a cognizable and viable cause of action against defendant

[1]

Fabio Nunez in regards to his federal claim of false arrest because even accepting as true all of the allegations of the Complaint, probable cause existed to arrest Plaintiff. Because probable cause existed, and is a complete defense to the claims for false arrest, the complaint fails to set forth any facts which would render a §1983 false arrest claim plausible against defendant Nunez.

Furthermore, plaintiff is time barred from bringing all of his claims against Detective Nunez individually under state law. Here, Plaintiff commenced this action in October of 2019, well over a year after the alleged incident on July 14, 2018. State law claims of assault and battery, false arrest and intentional infliction of emotional distress have a one year statute of limitations under CPLR 215(3). Moreover, plaintiff cannot bring his claims of emotional distress as they are duplicative of his other tort allegations.

Accordingly, Defendant Nunez respectfully requests that the Court grant his motion, pursuant to Federal Rule of Civil Procedure 12(b) (6), and that the above-mentioned claims be dismissed as against him.[1]

## STANDARD OF REVIEW

The standard of review to be applied in motions filed under Rule 12 has been clarified in the United States Supreme Court decision, *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). Under *Bell Atlantic*, a district court should grant a motion to dismiss a complaint under Rule 12 if the complaint fails to plead enough facts to state a claim of relief that is plausible on its face. *Id.* The complaint must include some factual allegations "in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F. 3d 143, 157 (2d Cir. 2007). Those factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff is required to show "the 'grounds' of his 'entitlement to relief' [by providing] more

---

[1] Defendant Nunez is not moving with respect to Plaintiff's excessive force claim under section 1983.

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964.

A district court should grant a motion to dismiss a complaint under Federal Rule of Civil Procedure Rule 12 if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In passing upon a motion to dismiss, the court must view the allegations in the light most favorable to the plaintiff. See *Scheur v. Rhodes,* 416 U.S. 232, 236 (1974). In adjudicating a Rule 12 motion, a district court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1997); *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d 6 Cir. 1991); *Newman v. Holder*, 101 F.Supp.2d 103, 105 (E.D.N.Y. 2000).

## STATEMENT OF FACTS[2]

Shortly before midnight on July 14, 2018, Detective Fabio Nunez and Officer Shanee Hansler began to investigate loud music playing in Washington Heights at approximately 11:39P.M. *Compl.*, 86, 88. The two officers discovered a small group playing the music from a speaker. *Id.* at 89. Plaintiff was "hanging out with his friends [...] listening to music on a speaker owned by the dealership." *Compl.*, 25. Detective Nunez requested identification from Plaintiff at least four (4) times and informed plaintiff "he was going to get a summons for the loud music."

---

[2]While we contest the validity of the account given of this incident in the plaintiff's Complaint, as per the rules surrounding motions to dismiss under Rule 12, the facts must be accepted as set forth in the Complaint. Unless otherwise stated, all of the following facts are taken directly from the Complaint.

*Compl.*, 90-94. Instead of giving the officer identification when asked, Medina continued to attempt to explain why he should not get a summons. *Id.* at 91. When asked for identification, Plaintiff never complied. *Id.* at 94.

Plaintiff then "picked up one of the chairs" that the group was using and turned away from Nunez. *Id.* at 95. It was at this point that Detective Nunez attempted to detain Plaintiff, at which time Plaintiff "turned to Defendant Nunez [… and] raised his arms [at Detective Nunez.]" *Id.* at 96. Thereafter, "Mr. Medina kept his arms raised at [] Defendant Nunez." *Id.*

A physical struggle ensued between Plaintiff and Detective Nunez before officers were able to handcuff Plaintiff. *Id.* at 97-101. According to plaintiff, Detective Nunez utilized an impermissible "chokehold" on plaintiff as well as a Taser while trying to effect his arrest. Plaintiff was subsequently arrested and brought back to the 34th precinct for processing. *Id.* at 109. He was charged with assault, attempted resisting arrest, obstruction of governmental administration, and attempted disorderly conduct. *Id* at 110. He was ultimately prosecuted for two counts of assault in the second degree and one count of resisting arrest. *Id.* Plaintiff eventually consented to an adjournment in contemplation of dismissal on his criminal case. *Id.* at 114.

## ARGUMENTS

### I.    BY PLAINTIFF'S OWN ADMISSION PROBABLE CAUSE EXISTED FOR HIS ARREST AND THUS HIS FEDERAL CLAIM FOR FALSE ARREST MUST BE DISMISSED

The City defendants, in their Memorandum of Law accompanying their motion to dismiss, succinctly state the standard by which probable cause (and arguable probable cause) exists to arrest. Rather than be duplicative, Defendant Nunez respectfully points the Court to pages 21 and 22 of City's Memorandum (Docket Entry 61) for a recitation of this standard and the relevant case law. Defendant Nunez respectfully submits that the very same arguments that the City sets forth

[4]

apply equally to defendant Nunez and incorporates their argument by reference herein. Beyond the City's rationale for the existence of probable cause, including but not limited to Plaintiff's violation of New York City's Administrative Code governing the playing of music at 11:30P.M. over a loudspeaker, several other facts, by Plaintiff's own admission, give rise to probable cause to arrest in this case.

Plaintiff admittedly did not comply with initial orders to produce identification, and even went so far as to pick up a chair in close proximity to Detective Nunez and inexplicably attempted to walk away from Detective Nunez despite these repeated requests for identification. *Compl.*, 94-95. Plaintiff was told by Detective Nunez that he needed his identification in order to issue him a summons for the music. Plaintiff never provided his identification. Plaintiff admits several times to raising his arms near Detective Nunez and keeping them raised during the interaction. *Id.*, 96. This alone would create probable cause to arrest, as officers need only form a "reasonable belief that an offense has been committed" based on available information. *Restivo v. Hessemann*, 846 F.3d 547, 571 (2d Cir. 2017). The New York State Penal Code § 195.05 outlines conduct that criminalizes obstructing governmental administration. Under the statute, impairing governmental functions (such as a police officer attempting to obtain identification from someone to whom a summons may be issued under the New York City Administrative Code) "by means of any independent unlawful act" has committed the offense.

Here, by Plaintiff's own account, he admits to not providing his identification despite repeated requests by Detective Nunez. Plaintiff admits to raising his arms at Detective Nunez, picking up a potentially dangerous object and walking away from the officers attempting to discharge their duties. N.Y. Crim. Proc. Law § 140.50 allows officers to demand identification from anyone in any public place that the officer reasonably suspects has committed a violation or

[5]

a crime. Here, Detective Nunez, by plaintiff's own account, requested plaintiff's identification for the purpose of issuing him a summons. Although plaintiff sets forth facts that *he believes* went against him being issued a summons, such as his girlfriend saying the speaker belonged to her, "or that many others residents do this on weekends", this does not change the fact that probable cause to issue the summons to plaintiff was objectively established, and, at a minimum, provided Detective Nunez the authority to request identification from plaintiff. Plaintiff repeatedly refused these requests, however. The aforementioned conduct by plaintiff clearly satisfies these requirements. Accordingly, probable cause existed to arrest plaintiff and his claim for false arrest under § 1983 must be dismissed.

## II.   THE STATUTE OF LIMITATIONS HAS RUN ON PLAINTIFF'S STATE LAW CLAIMS AND MUST THEREFORE BE DISMISSED

The New York State Civil Practice Law & Rules (CPLR) Section 215 governs the actions which must be commenced within one year. Section 215 subsection 3 states clearly that "an action to recover damages for assault, battery, false imprisonment" must all be commenced within one year from the date on which the alleged claim arose. Under New York law, assault and battery claims begin to "accrue on the date of the alleged incident." *Tchatat v. City of New York*, 14 Civ. 2385 (LGS), 2015 U.S. Dist. LEXIS 115093, *34 (S.D.N.Y. 2015). False arrest claims under New York state law begin to accrue at the time of release from custody. *Espada v. Schneider*, 522 F.Supp.2d 544, n. 7 (S.D.N.Y. 2007) (citing *Coakley v. Jaffe*, 49 F.Supp.2d 615, 623 (S.D.N.Y. 1999)). The date of the alleged incident, according to plaintiff, is July 14, 2018. *Compl.* At 86. Plaintiff was released from custody within 24 hours. The complaint in this case was filed on October 10, 2019, almost fifteen (15) months later. *See Docket Entry 1*. As such, plaintiff is time barred from bringing his state law claims of assault, false arrest and intentional infliction of emotional distress and they must be dismissed.

[6]

### III.   PLAINTIFF'S CLAIMS FOR INFLICTIONS OF EMOTIONAL DISTRESS ARE DUPLICATIVE OF HIS OTHER CLAIMS AND CANNOT STAND

As the City correctly points out in its Memorandum of Law, claims for negligent and intentional infliction of emotional distress are not cognizable under § 1983. *See Docket 61, FN 11.* Further, the City is accurate in its recitation of why Plaintiff's claims for negligent and intentional infliction of emotional distress are cumulative. All case law cited by the City equally applies here as to Detective Nunez. *Id.* at pg. 24-25. *See Brewton v. City of New York*, 550 F.Supp.2d 355, 370 (E.D.N.Y. 2008) (holding that if an emotional distress claim is "encompassed entirely within other available tort remedies [it] is thus precluded under New York law.") *See also Zaniewska v. City of New York*, 11-CV-2446 (RRM) (VVP), 2013 U.S. Dist. LEXIS 109918, at *42 (E.D.N.Y. 2013) (citing *Wortko v. County of Suffolk*, 03-CV-4767 (DRH) (ARL), 2007 U.S. Dist. LEXIS 46963, at *5-6 (E.D.N.Y. 2007) (finding that emotional distress claims are duplicative of false arrest claims when the alleged emotional distress stems from the alleged false arrest and is thus "encompassed entirely within [other] state law claims.")). Based on the foregoing, Plaintiff's claims for intentional and negligent infliction of emotional distress must be dismissed.

### IV.   PLAINTIFF'S ABUSE OF PROCESS CLAIM CANNOT STAND AS DETECTIVE NUNEZ HAD LEGAL AUTHORITY TO ISSUE A SUMMONS TO PLAINTIFF, HAD NO INTENTION TO DO HARM, AND SOUGHT NO OUTSIDE OBJECTIVE

For an abuse of process claim to be cognizable, plaintiff must assert that Defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Elek v. Inc. Vill. of Monroe*, 815 F.Supp.2d 801 , 810 (S.D.N.Y. 2011) (citing *Savino v. City of New York*, 331 F.3d 63, 70 (2d Cir. 2003)).

Here, Detective Nunez, as discussed in Point I, had probable cause to arrest plaintiff and issue him a summons. "[C]ourts within this Circuit have held that the existence of probable cause constitutes "excuse or justification" and is a "complete defense" to abuse of process claims. *Ross v. Port Chester Hous. Auth.*, 17-CV-4770 (NSR), 2019 U.S. Dist LEXIS 168768, at *15 (S.D.N.Y. 2019) (citing *Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 958 n.7 (2d Cir. 2015)) Even assuming, *arguendo*, that Detective Nunez did not have the requisite probable cause to issue a summons to and arrest plaintiff, plaintiff fails to assert more than bald allegations of any collateral objective of Detective Nunez or any intention for him to do plaintiff harm. Without more, plaintiff's mere recitation of a legal standard in his allegations cannot sustain a claim. As Detective Nunez had probable cause to arrest plaintiff, intended no harm, and sought no outside purpose in his issuance of the summons to plaintiff, plaintiff's claim for abuse of process must be dismissed.

## CONCLUSION

For all the foregoing reasons, defendant Nunez's motion for a partial dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6), dismissing Causes of Action 3, 5, 6, 7, and 8 should be granted in its entirety, and for such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
February 20, 2020

Respectfully submitted,

By: JAMES M. MOSCHELLA
KARASYK & MOSCHELLA, LLP
Attorneys for Defendant Jacobs
233 Broadway, Suite 2340
New York, New York 10279
(212) 233-3800

[8]