UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
TOMAS MEDINA,

          Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

          Defendants.
---------------------------------------------------------------x

19-CV-9412 (AJN)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

Defendants moved to stay this action pending resolution of their partial motions to dismiss the complaint. (*See* ECF 65, 73, 80). As discussed below, there is no good cause for a stay. Defendants' motion is DENIED.

    **I.    Background**

Plaintiff, Tomas Medina, brings this action against Defendants,[1] seeking damages and injunctive relief for violation of his civil rights under 42 U.S.C. § 1983 and related federal and state law claims. The following facts are taken as alleged in the Complaint (ECF 1):

Plaintiff and his friends were listening to music outside the El Mundo Car Dealership in Washington Heights the night of July 14, 2018 when Defendants Nunez and Hansler, NYPD officers, arrived despite there being no noise complaints. Compl. ¶¶ 86-91. Plaintiff and his companions attempted to clear the area and turned off the music. Compl. ¶ 95. Defendants

---

[1] Defendants are the City of New York, the NYPD Police Commissioner James O'Neill, the NYPD Chief of Department Terrance Monahan, and NYPD officers, Hekmatullah Mukhtarzada, William J. Gallagher, Fabio Nunez, Shanee (Pierce) Hansler, David Callan, Jose A. Gomez, Nay Htoo, Christopher Siciliano, and John Doe.

Nunez[2] and Hansler confronted Plaintiff and a companion, Esmerelda Rodriguez, escalating the situation, but "at no time did [Plaintiff] approach either officer with any threat of violence." Compl. ¶¶ 92-95. Defendant Nunez then placed Plaintiff in a chokehold and tased him thirteen times, and tased Ms. Rodriguez once. Compl. ¶¶ 95-101. Defendant Hansler called for additional NYPD backup, including Defendants Doe, Htoo, and Siciliano.[3] Compl. ¶¶ 102-05.

Plaintiff states that Defendant Nunez caused false "charges of assault in the second degree, attempted resisting arrest, attempted obstructing governmental administration, and attempted disorderly conduct" to be filed against him to "distract[] from Defendant Nunez's unlawful use of force, most notably the chokehold, and to aid Defendant Nunez in avoiding further discipline that could endanger [Nunez's] career or pension." Compl. ¶¶ 110-13. The New York Supreme Court ultimately dismissed Plaintiff's felony assault charges and, after at least eight court appearances between July and October 2019, Plaintiff consented to an adjournment in contemplation of dismissal of the misdemeanor charges. Compl. ¶ 114.

Plaintiff alleges that he "still experiences pain in his neck, as well as fear of the police, and fear of enjoying company in public, [Plaintiff] feels he can no longer trust the police to be honest in their interactions with him, and can no longer contact the police if he is in need of help, because he fears that they will be hostile to him." Compl. ¶ 119. Plaintiff fears re-victimization and alleges that that fear "is reasonable and credible, especially because he was not engaged in criminal conduct when Defendant Nunez assaulted him." Compl. ¶ 121.

---

[2] Nunez "is a NYPD police officer who has been the subject of 37 allegations of misconduct reported to the CCRB, arising out of 17 separate complaints. He has also been the subject of five separate settlement agreements, which include multiple incidents of alleged excessive force." Compl. ¶ 5.

[3] The claims against Doe, Htoo, and Siciliano include § 1983 excessive force and false search and arrest claims as well as state law claims for assault and battery, false arrest and false imprisonment, and intentional and negligent infliction of emotional distress. *See, e.g.*, Compl. ¶¶ 104-05.

Against the backdrop of the events that personally happened to Plaintiff, Plaintiff also alleges a *Monell* claim. The NYPD has a "formal practice banning chokeholds," Compl. ¶ 1, but the "City of New York engages in a policy-in-practice, custom, usage, or practice, of subjecting citizens to excessive force, including prohibited manners of force like chokeholds and excessive Taser-use" and the "NYPD's practice and custom of officers unlawfully using chokeholds and Tasers is so persistent, widespread, and pervasive as to constitute a custom or usage and imply the constructive knowledge or acquiescence of the City and its policyholders." Compl. ¶¶ 138-39.

Defendants moved for partial dismissal. (ECF 59, 74). Defendants have moved to dismiss Plaintiffs' claims: (1) for declaratory and injunctive relief, (2) against NYPD Commissioner O'Neill and NYPD Chief of Department Monahan, (3) against NYPD supervisors Gallagher, Mukhtarzada, and Gomez, (3) against the City of New York for a *Monell* claim, (4) for false arrest and improper search, and (5) against individual NYPD officers for intentional and negligent infliction of emotional distress. (ECF 59, *see* ECF 61 for the Memorandum of Law). Defendant Nunez, represented by separate counsel, moved for partial dismissal of the false arrest and state law claims against him. (ECF 75). Defendant Nunez did not move to dismiss claims of excessive force and abuse of process.

This case was referred to this Court originally for settlement. (ECF 47). Subsequently, Defendants moved to stay the action and the District Court referred the motion to stay to me on May 11, 2020. (ECF 91).

**II.     There is No Good Cause to Stay Discovery[4]**

"A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."[5] *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). If a party makes "a showing of good cause" the Court may, in its discretion, stay discovery. *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS) (GWG), 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018). Generally, Courts will find "good cause" for a stay only upon a *strong* showing that a motion to dismiss the case in its entirety would be granted. *See, e.g. O'Sullivan*, 2018 WL 1989585 at *5-7 (defendants made strong showing that they would prevail on motion to dismiss because they were not liable for the alleged injuries); *Hong Leong*, 297 F.R.D. at 73-74 (defendants made strong showing that the court lacked jurisdiction); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 357, 368 (S.D.N.Y. 2002) ("[B]ased on the papers submitted and upon oral argument from counsel, the Court notes at this preliminary stage that defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit.").

Here, Defendants filed only a *partial* motion to dismiss the complaint and make no argument that even this partial motion to dismiss is likely to succeed. (ECF 59). The Defendants notably do not seek to dismiss all the claims against the NYPD officers – Defendants Nunez,

---

[4] Local Rule 83.10 generally governs Section 1983 cases in this district and narrows the scope of discovery, at least initially, of Section 1983 actions except those "requesting systemic equitable reform." This action, however, requests a "permanent injunction addressing misuse of chokeholds and Tasers by NYPD officers through training, supervision, investigation, prosecution and discipline," Compl. ¶ 199, and thus is not subject to the restrictions of L.R. 83.10.

[5] The one exception is for cases covered by the Private Securities Litigation Reform Act. *See Hong Leong*, 297 F.R.D. at 72. This case is a Section 1983 action.

4

Hansler, Htoo, Siciliano, and Doe – who are alleged to have been directly involved in the events giving rise to Plaintiff's claims. Compl. ¶¶ 19, 20, 24-26; *see also* 86-114; ECF 73 at 2.[6] Defendants also do not seek dismissal of the claims against the City of New York for negligent retention and promotion of Officer Nunez. Compl. ¶¶ 188-91. Thus, *even if* Defendants' motion were completely successful – and this Court declines to comment on the merits of such a motion – several claims relating to the core of Plaintiff's Section 1983 claims will require discovery.

Defendants' remaining arguments are also of no merit. Defendants argue that "the partial motion to dismiss [could] dramatically limit the issues the parties are left to explore through discovery" and they should not be required "to engage in the much more burdensome and expensive discovery into plaintiff's municipal liability claims." (ECF 80 at 2). Notably, Defendants do not mention any meet and confer conferences with Plaintiff regarding discovery, nor do they propose alternative ways of moving forward with discovery on the several claims not at issue in the pending motions to dismiss. *See, e.g.*, *Zhang v. City of New York*, No. 17-cv-5415 (JFK) (AJP), ECF 79 (S.D.N.Y. Jan. 10, 2018) ("The Court will not hold off on depositions generally pending Judge Keenan's decision on the pending motion to dismiss. However, if these deponents do not have any personal knowledge as to plaintiff's claims, and lower level officials can be deposed, there is case law supporting that approach.") (Peck, M.J.); *Brown v. City of New*

---

[6] The following claims are not at issue in the motion to dismiss: excessive force under 42 U.S.C. § 1983 against Defendants Nunez, Hansler, Htoo, Siciliano, and Doe (Compl. ¶¶ 145-150); failure to intervene against Defendant Hansler (*id.* ¶¶ 156-159); state-law assault and battery against Defendants Nunez, Hansler, Htoo, Siciliano, and Doe (*id.* ¶¶ 160-164); state-law negligent retention and promotion against Defendant City of New York (*id.* ¶¶ 181-187); state-law negligent training against Defendant City of New York (*id.* ¶¶ 188-191); and state-law abuse of process against Defendants Nunez, Hansler, and Callan (*id.* ¶¶ 192-197).

*York*, No. 15-cv-8899 (PAE) (GWG), 2017 WL 462270, at *2 (S.D.N.Y. Jan. 25, 2017) (discussing ways to stage *Monell* discovery).

### II.   Defendants' Argument to Delay Answering the Complaint is Not Good Cause for a Stay

Defendants' argument that a stay is necessary because the "parties will have to enter the 'quagmire' of piecemeal answers on behalf of only certain parties and for certain claims" suggests confusion about the Federal Rules of Civil Procedure, because a motion to dismiss extends the moving defendants' time to answer until fourteen days after a ruling on the motion. *See* Fed. R. Civ. P. 12(a)(4); *see also Lombardo v. Dr. Seuss Enterprises, L.P.*, No. 16-cv-9974 (AKH), 2017 WL 1378413, at *3 (S.D.N.Y. Apr. 7, 2017)("[T]he filing of any motion under Rule 12 postpones a defendant's time to answer until fourteen days after the motion is decided."); *Ricciuti v. N.Y.C. Transit. Auth.*, No. 90-cv-2823, 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991) (same).[7]

Accordingly, Defendants' motion for a stay is denied. Defendants are directed to consult Judge Nathan's Individual Rules and Practices for discovery procedures. The Clerk of Court is directed to close ECF 65.

**SO ORDERED.**

 

                                                       *s/ Ona T. Wang*
Dated: June 8, 2020                                                    **Ona T. Wang**
New York, New York                                 United States Magistrate Judge

---

[7] Defendants (erroneously) cited *Lombardo* and *Ricciuti* as support for a stay. Both cases held that a stay was not needed because there was already an extension in defendants' time to answer.