K7MTTHOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
THOMAS MEDINA,

          Plaintiff,

      v.                                    19 CV 9412 (AJN)(OTW)

THE CITY OF NEW YORK, POLICE
COMMISSIONER JAMES O'NEILL,
CHIEF OF DEPARTMENT TERRANCE
MONAHAN, SERGEANT HEKMATULLAH
MUKHTARZADA, DETECTIVE
SPECIALIST FABIO NUNEZ, POLICE
OFFICER SHANEE (PIERCE)
HANSLER, POLICE OFFICER DAVID
CALLAN, CAPTAIN WILLIAM J.
GALLAGHER, SERGEANT JOSE A.
GOMEZ, POLICE OFFICER NAY
HTOO, POLICE OFFICER
CHRISTOPHER SICILIANO, and
POLICE OFFICER JOHN DOE,

          Defendants.
------------------------------x
                                      New York, N.Y.
                                      July 22, 2020
                                      10:30 a.m.

Before:

                    HON. ONA T. WANG,

                             Magistrate Judge


                  APPEARANCES (Telephonic)

COVINGTON & BURLING LLP
     Attorneys for Plaintiff
BY:  ISHITA KALA

THE LEGAL AID SOCIETY OF NEW YORK
     Attorneys for Plaintiff
BY:  WILLIAM LESMAN

K7MTTHOC

APPEARANCES (Cont'd)


NEW YORK CITY LAW DEPARTMENT
     Attorneys for all Defendants City of New York, O'Neill, Monahan, Mukhtarzada, Hansler, Callan, Gallagher, Gomez, Htoo and Siciliano
BY:  PETER BROCKER
     JOSEPH ZANGRILLI

KARASYK & MOSCHELLA, LLP
     Attorneys for Defendant Nunez
BY:  JAMES MOSCHELLA

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1              (Via telephone, case called)

2              LAW CLERK:  Counsel, please state your appearances.

3              MS. KALA:  This is counsel for plaintiff, Ishita Kala

4    from Covington & Burling, and my colleague Alexander Lesman

5    from Legal Aid.  Good morning, your Honor.

6              THE COURT:  Good morning.

7              MR. BROCKER:  Good morning, everybody, this is Peter

8    Brocker from the New York City Law Department joined by Joseph

9    Zangrilli also from the New York City Law Department, on behalf

10   of The City of New York, Commissioner O'Neill, Chief of

11   Department Monahan, Sergeant Mukhtarzada, Officers Hansler,

12   Callan, Captain Gallagher, Sergeant Gomez, Officer Htoo and

13   Siciliano.

14             THE COURT:  Good morning.  And do we have any or

15   lawyers on the line?

16             MR. MOSCHELLA:  Yes, your Honor, appearing for

17   co-defendant Detective Fabio Nunez, this is James Moshella.

18             THE COURT:  All right.  We are here for an initial

19   case management conference, but before we get into the

20   substance, let's go over a few ground rules.  I think

21   Mr. McDaniel -- good to have you on the line -- may have gone

22   over some of these with you, but we do have a court reporter on

23   the line, so I will ask the parties to request the transcript

24   and share the cost.  Please stay on mute if you're not speaking

25   and please say your name before speaking so the court reporter

1    can hear you.  Additionally, please treat this teleconference
2    as though you physically are present in the courthouse.  Expect
3    that there may be members of the public or the press on the
4    line and they may dial in in the middle and you may hear some
5    beeps, but you can just keep on going.  We are monitoring to
6    make sure all the lawyers are on the line.
7         This case has been referred for general pretrial
8    management by Judge Nathan.  I'm going to treat ECF 93-1 as the
9    operative 26(f) plan.  I understand that the parties have had a
10   little bit of back and forth about discovery so far, but does
11   anybody have any issues with the dates in the previous 26(f) in
12   93-1?
13        MS. KALA:  This is Ishita Kala.  We have no issues
14   with the dates in the proposed plan.
15        THE COURT:  Okay.  What about from defendants?
16        MR. BROCKER:  Good morning, this is Peter Brocker.
17   The City defendants don't have any issues with those dates.
18   The only caveat would be obviously if there is any further
19   disruption caused by Covid that may require some modification.
20        THE COURT:  Okay.  And Mr. Moshella, Mr. Nunez's
21   counsel?
22        MR. MOSCHELLA:  Yes, there's no objection to the dates
23   in the proposed order.
24        THE COURT:  All right.  So my first direction of the
25   day is, Ms. Kala, after this conference is over, please send a

1    proposed scheduling order to chambers in Word format with the
2    dates filled in instead of having them be floating dates from
3    14 days today or 120 days, actually put dates in there.  Make
4    sure you copy all of your opposing counsel, and then we'll edit
5    it as necessary and enter that as the scheduling order.  Okay?
6             MS. KALA:  Certainly, your Honor.
7             THE COURT:  All right.  So is there anything we need
8    to talk about now?  I expect that your initial disclosures will
9    come through.  Serve your document requests.  If there is an
10   issue with particular document requests or a group of document
11   requests, follow my individual practices, that is, meet and
12   confer and write a single joint letter on what the issue is.
13            I will suggest that possibly the Monell issue will
14   become -- the staging or phasing or rolling productions may
15   become moot as soon as we hear from Judge Nathan on the motion
16   to dismiss, but obviously the decision hasn't come out yet.  So
17   I'm fine with the parties making a rolling production.  I
18   expect that if the production stops rolling I will hear about
19   it.  Again, follow my individual practices.
20            Please make sure that you have a solid preservation
21   protocol in place that includes all of the documents, all of
22   the potentially relevant documents, in case Judge Nathan issues
23   a decision on the motion to dismiss somewhere in the middle of
24   this production.
25            The last thing I saw is -- and Ms. Kala, you may need

1  to adjust your proposed order -- is have the parties talked

2  about ESI, what ESI might exist and what might need to be

3  preserved?

4      MS. KALA:  No, your Honor, we have not gotten into

5  those details yet.

6      THE COURT:  Okay.  I suggest that you have a

7  conversation about that, and specifically if there's particular

8  forms of ESI that might need to be preserved that you take the

9  appropriate steps to have a conversation with defense counsel

10 about making sure that those forms of ESI are preserved.  Okay?

11     MS. KALA:  Certainly, your Honor.

12     THE COURT:  You can refer to my 26(f), form 26(f) on

13 my individual practices for general scope of the ESI discussion

14 that I expect.  Since I prefer to get the scheduling order in

15 place sooner rather than later, it's fine to just send me a

16 scheduling order with a date overall.  And then if you have any

17 ESI issue, then submit a later stipulation about ESI or a

18 status letter about the ESI and then we'll talk about it if

19 there's issues.  Okay?

20     MS. KALA:  Understood, we'll do that.

21     THE COURT:  Is there anything else that we need to

22 deal with today?

23     MR. BROCKER:  Your Honor, this is --

24     MS. KALA:  Nothing more from plaintiff.

25     THE COURT:  Not from the plaintiff.

1           Okay, who was speaking?

2           MR. BROCKER:  I apologize, this is Peter Brocker.  I
3   think the only other issue is because of the way the case has
4   proceeded, it's not entirely clear if the plan protective order
5   applies to this case, and the City defendants would just like
6   to make sure we have a protective order in place before initial
7   disclosures are made.  So I don't know if the Court would be
8   amenable to just so ordering the Exhibit D on Local Rule 8310
9   to sort of ensure the plan protective order applies at least,
10  even if the rest of the plan does not.

11          THE COURT:  Why don't you talk about this offline and
12  you can submit by email whatever protective order you agree to.
13  Okay?  I'm happy to do that and I will do it as soon as I get
14  it.

15          MR. BROCKER:  Thank you, your Honor.  Nothing else
16  from City defendants then.

17          THE COURT:  Okay.  Make sure to order a copy of the
18  transcript and share the costs.  Let's do it 50/50 City and
19  plaintiff.

20          All right?

21          MR. BROCKER:  Understood, your Honor.

22          MS. KALA:  Yes.

23          THE COURT:  Thank you, we are adjourned.

24          (Adjourned)

25