**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                              :

TOMAS MEDINA,                                        :

                           Plaintiff,            :        19-CV-9412 (AJN) (OTW)

               -against-                  :        **ORDER**

CITY OF NEW YORK, et al.,          :

                      Defendants.    :

-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of the parties' joint letter motion identifying several disputes regarding a proposed protective order. (ECF 110). This letter is but one is a series of discovery disputes that have all occurred *before* document discovery has even begun in earnest. The Court's rulings are:

1. **Joint requests to modify the Court's form protective order**. Because these are joint requests, consented to by all parties, there is no dispute regarding these modifications to the form protective order.

2. **Disciplinary files obtainable by FOIL**. If parties do not come to an agreement regarding these files, Defendants must move for a protective order by **October 5, 2020**. Any motion and opposition must address, with case law support: (1) the extent to which documents available through FOIL and/or FOIA are considered publicly available; and (2) the ability of a party to designate confidential a document that is publicly available. **Any motion shall not delay the production of any documents, which must be timely produced and may be provisionally designated "confidential."**

3. **Personnel files of New York City employees.** These personnel files, excluding disciplinary files obtainable by FOIL, can be designated "confidential." *See Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73 (S.D.N.Y. 2010) (citing cases that allow personnel files to be covered by a protective order). Any challenge to another party's designation of confidentiality shall be governed by Paragraph 3 of the Court's Form Stipulation and Proposed Protective Order, which has been incorporated in the parties' proposed protective order.

4. **Body camera footage and portions of NYPD policy and training documents.** Defendants may designate these documents "confidential" and must timely produce. Any challenge to another party's designation of confidentiality shall be governed by Paragraph 3 of the Court's Form Stipulation and Proposed Protective Order, which has been incorporated in the parties' proposed protective order.

If Defendants designate any documents confidential without a good faith basis, I may apportion costs under Federal Rules of Civil Procedure 16 and 37(a)(5)(A)-(C), 28 U.S.C. § 1927, and/or the Court's inherent authority. The parties are warned again that failure to cooperate in future discovery may also result in the apportioning of costs under the same provisions.

The parties are directed to file a revised proposed protective order consistent with this Order by **September 23, 2020.**

The Clerk of Court is respectfully requested to close ECF 110.

**SO ORDERED.**

Dated: September 16, 2020
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge