UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TOMAS MEDINA,

                *Plaintiff,*

      v.

THE CITY OF NEW YORK, POLICE COMMISSIONER JAMES O'NEILL, CHIEF OF DEPARTMENT TERRANCE MONAHAN, SERGEANT HEKMATULLAH MUKHTARZADA, DETECTIVE SPECIALIST FABIO NUNEZ, POLICE OFFICER SHANEE (PIERCE) HANSLER, POLICE OFFICER DAVID CALLAN, CAPTAIN WILLIAM J. GALLAGHER, SERGEANT JOSE A. GOMEZ, POLICE OFFICER NAY HTOO, POLICE OFFICER CHRISTOPHER SICILIANO, and POLICE OFFICER JOHN DOE,

                *Defendants.*

**19 CV 09412 (AJN) (OTW)**

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

---

    WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for the producing party may designate any document or information, in whole or in part as confidential if its contents are specified below, if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Counsel shall designate information and documents as "Confidential Information" by stamping them as "CONFIDENTIAL."  Confidential Information shall include:

        (A) New York City Police Department ("NYPD") employment/personnel related records;
        (B) Body worn camera footage;

(C) The non-public sections of the NYPD's policy and training;
(D) The following information of parties and nonparties:
    a. Date of birth
    b. Home address;
    c. Phone numbers;
    d. Place of birth;
    e. Alias;
    f. Email address;
    g. Social network username;
    h. Passwords;
    i. Work address for witness;
    j. Taxpayer ID;
    k. Credit card number;
    l. Facsimile number;
    m. Medical information;
    n. Social security number;
    o. Mother's maiden name;
    p. Biometric identifiers (e.g., fingerprint, voiceprint);
    q. Vehicle identifiers;
    r. Financial information (e.g., account number, PINs, passwords, credit report);
    s. Passport number;
    t. Employment Identification Number (EIN) and salary;
    u. Military status;
    v. Driver's license;
    w. State ID Number (or foreign country equivalent);
    x. Law enforcement arrest or booking photographs;
    y. Individual "Real Time Person Files";
    z. Records of sealed criminal court or family court matters;
    aa. Records related to immigration status

(E) Subject to this Court's decision on any defense motion for a protective order pursuant to the Order of September 16, 2020 (Docket 111), police officer disciplinary histories and other disciplinary records from the Civilian Complaint Review Board, NYPD Internal Affairs Bureau, other NYPD divisions, or any other governmental agency, which currently may be provisionally designated "confidential";

(F) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Information" by the parties or the Court, except that such documents and information shall not be designated "Confidential Information" to the extent that they are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available. This subsection shall not be construed as a waiver by any party of an objection to the designation of documents produced pursuant to this subsection as "Confidential Materials."

      a. For information and documents designated as Confidential Information pursuant to this provision, the producing party will provide the receiving party with a written explanation of why the information or document was designated as such.

(G) If a document or information contains both confidential and non-confidential information, the producing party shall specify which particular information is confidential, and the document can be publicly disclosed as long as the confidential portions are redacted.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." The work addresses of witnesses, the home addresses and phone numbers of parties and witnesses, and records related to the immigration status of parties and witnesses may be designated "For Attorneys' or Experts' Eyes Only." Documents designated as "For Attorneys' or Experts' Eyes Only" should not be shared with anyone aside from counsel, or experts working under counsel's direction. All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:
   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Before disclosing or displaying the Confidential Information to any person, counsel must:
   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

8. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

9. If the receiving party seeks to publicly file with the Court any information designated as "CONFIDENTIAL" in discovery, that party shall provide the producing person no less than seven days' advance written notice of its intent to file such material.  The producing party may then make an application to the Court requesting that the material be filed and kept under seal.  There is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.  The parties will use their best efforts to minimize the need to file documents under seal, including, where appropriate by agreeing to the redaction of confidential information, rather than withholding an entire document from the public.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

The Clerk of Court is respectfully directed to close ECF 112.

SO ORDERED .

Dated:  Sept. 24, 2020
        New York, NY

_____
HON. ONA T. WANG
United States Magistrate Judge