

199 Water Street
New York, NY 10038
(212) 577-3300
https://www.legalaidnyc.org/

John K. Carroll
*President*

Janet E. Sabel
*Attorney-in-Chief*
*Chief Executive Officer*

Justine M. Luongo
*Attorney-in-Charge*
Criminal Practice

October 23, 2020

**By ECF**

Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Tomás Medina v. City of New York, et. al., 19-cv-09412-AJN-OTW**

Dear Judge Wang:

We represent Plaintiff in the above-captioned matter and write in opposition to Defendants' letter motion dated October 5, 2020, seeking a protective order designating as confidential "the disciplinary records of officers of the New York City Police Department ("NYPD")," including disciplinary histories and records from the Civilian Complaint Review Board, NYPD Internal Affairs Bureau, other NYPD divisions, or any other governmental agency (the "Disciplinary Records"). *See* ECF 116 at 1; ECF 113 at 2. Defendants have failed to show good cause for keeping a category of documents confidential when all or most of the documents within it are subject to disclosure under New York's Freedom of Information Law ("FOIL").

Rule 26(c)(1) of the Federal Rules of Civil Procedure contemplates the issuance of protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A party seeking a protective order "has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir.)). The movant must submit:

> [A] particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements in order to establish good cause. Ordinarily, good cause for a protective order exists when a party shows that disclosure will result in a clearly defined, specific and serious injury. Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning, do not satisfy the Rule 26(c) test.

*Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 72 (S.D.N.Y. 2007) (internal citations and quotation marks omitted). If "good cause is not shown, the discovery materials in question should not receive judicial protection." *Gambale*, 377 F.3d at 142.

**Justice in Every Borough.**

The heart of Defendants' argument as to why the Disciplinary Records should be protected appears to be that "disciplinary records are, at their core, indistinguishable from any other employment record" and that "the presumptive confidentiality of employment records should apply to disciplinary records." ECF 116 at 1, 3. Defendants provide no factual or legal support for these assertions. The one decision Defendants cite—a ruling made during a telephonic conference in *Benjamin v. City of New York*—does not address the good cause standard and appears to incorrectly impose a burden on the non-moving party. Tr., No. 20-CV-2069 (RJD) (E.D.N.Y. Sept. 22, 2020) (ECF 116, Exhibit A). This case does not justify Defendants' failure to provide "articulated reasoning" showing a "clearly defined, specific and serious injury" here. *Standard Inv. Chartered*, 621 F. Supp. 2d at 72.

Police officers are not the same as private sector employees and their disciplinary records should not be treated as equivalent. Defendants point to a case involving employment records of private employees not subject to freedom of information laws, in which the court found "a comprehensive approach more sensible . . . than a piecemeal one" given the generally private nature of the documents. *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 74 (S.D.N.Y. 2010). But a comprehensive approach is not appropriate when the employees in question are police officers, and their disciplinary records are now subject to public inspection under FOIL. *See Casaccia v. City of Rochester*, No. 17-CV-6323 (FPG) (MJP) at *2 (W.D.N.Y. July 7, 2020) ("Because New York Civil Rights Law § 50-a was repealed . . . the City Defendants may not mark any police personnel or disciplinary records, complaints of misconduct, internal investigatory records, or training materials as 'confidential' as such records are now publicly available.") (attached as Exhibit A).

This Court, in its Order dated September 16, 2020, directed parties to address "(1) the extent to which documents available through FOIL and/or FOIA are considered publicly available; and (2) the ability of a party to designate confidential a document that is publicly available." ECF 111 at 1.

Regarding the first factor, documents subject to FOIL should be considered publicly available. Ruling on a similar controversy, a court in the Western District of New York recently came to this conclusion. *Casaccia*, No. 17-CV-6323 (FPG) (MJP) at *2. This decision is supported by the plain text of New York's FOIL, which states that government agencies "shall, in accordance with [their] published rules, *make available for public inspection* and copying all records, except [where a statutory exception applies.]" N.Y. Pub. Off. L. §87-2 (emphasis added). As a matter of plain meaning, records that "shall" be made available "for public inspection and copying" are records that are publicly available. Indeed, the United States Supreme Court has held, in connection with similar language in the federal Freedom of Information Act, that "[a]s the Act is structured, virtually every document generated by an agency is *available to the public* in one form or another, unless [exempted by statute]." *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975) (emphasis added).

Regarding the second factor, Defendants "do not take the position that documents which are publicly available should be deemed confidential." ECF 116 at 1. Plaintiff agrees, as there can hardly be good cause to protect documents that are already public or are subject to mandatory disclosure upon request. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 791 (3d Cir. 1994) ("[T]o the extent the information is subject to disclosure under freedom-of-information or right-to-know laws, a strong presumption against confidentiality exists.").

**Justice in Every Borough.**

Defendants engage in a protracted discussion of how FOIL does not apply in discovery and could be difficult to apply in their review of records for production. ECF 116 at 1-3. Defendants cite to *King v. Conde* but miss its essential guidance—that a policy of state-federal comity justified recognition of the privacy interest in police disciplinary records created by Section 50-a. 121 F.R.D. 180, 187 (E.D.N.Y. 1988). With the repeal of Section 50-a, that consideration is now moot. *See id.* State privileges and freedom of information laws do not govern the scope of discovery in a federal case, but they indisputably affect the scope of records that are publicly available, and consequently, the appropriateness of a protective order. *See Pansy*, 23 F.3d at 791; *Casaccia*, No. 17-CV-6323 (FPG)(MJP) at *2; *King*, 121 F.R.D. at 187. Defendants make much of the potential burden of considering whether a record is subject to disclosure under FOIL when determining if the record is confidential. However, the City and its various agencies are routinely responsible for assessing what records are available to the public under FOIL and complying with the law. The City's responsibility to assess records is far from being so burdensome as to justify a blanket confidentiality order.

Indeed, Defendants' proposed protective order is likely to create additional administrative burdens in this case. Broadly designating Disciplinary Records as confidential, in a case concerning the City's failure to supervise and discipline NYPD officers for excessive force, is likely to lead to further disputes about when Disciplinary Records designated as confidential must be filed under seal.

Finally, Defendants point to a temporary stay on the publication of certain disciplinary records in another case to support their requested protective order. *See* ECF 116 at 2; Order at 2, *Uniformed Fire Officers Association v. de Blasio*, No. 20-2789-CV, ECF 171 (2nd Cir. Sept. 17, 2020) (granting an administrative stay pending resolution of an appeal by law enforcement unions seeking a preliminary injunction preventing the City from publicly disclosing certain police disciplinary records). The existence of an administrative stay in another case does not support a blanket confidentiality designation in this case. To state that there is uncertainty about the scope of FOIL, as Defendants do, is not sufficient to show good cause. *See* ECF 116 at 2; *Standard Inv. Chartered*, 621 F. Supp. 2d at 72.

In sum, Defendants have not demonstrated good cause for a protective order rendering Disciplinary Records, most or all of which are publicly available under FOIL, as confidential. For the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendants' motion.

Respectfully submitted,

*s/Molly Griffard*

Molly Griffard
Attorney for Plaintiff
mgriffard@legal-aid.org

cc:      All counsel of record (via ECF)

**Justice in Every Borough.**