# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL CASACCIA, <br><br> Plaintiff, <br><br> -against- <br><br><br> CITY OF ROCHESTER, et al., <br><br> Defendants. | **ORDER** <br><br> **INDEX NO.: 17-cv-6323 (FPG)(MJP)** |

**ORDER**

AND NOW, this 7th day of July 2020, upon consideration of Plaintiff Michael Casaccia's unopposed Motion pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure for an order modifying the scheduling order, it is hereby ordered that:

1. The City defendants shall comply with this Court's March 4, 2020, Decision and Order, ECF No. 73, on or before **July 30, 2020**;

2. Pursuant to this Court's June 1, 2020 Order, ECF No. 82, the City defendants shall comply with Plaintiff's Second Set of Requests for Production of Documents, Second Set of Interrogatories, and First Set of Requests for Admission (and related document demands and interrogatories), on or before **July 30, 2020**. Specifically, Defendants shall produce all the demanded documents, and shall provide verified responses to each interrogatory and request for admission, which are sworn to by the Officer Defendants to whom they are directed.

3. Pursuant to the agreement between Plaintiff and the City Defendants, responses to Plaintiff's Fourth Set of Requests for Production of Documents, Plaintiff's Fourth Set of Interrogatories to the Officer Defendants, and Plaintiff's First Set of Interrogatories to the Defendant City shall be produced on or before **July 30, 2020**. All interrogatory responses shall be verified and sworn to by the officer to whom it is directed, or in the case of the City

interrogatories, by an appropriate City official with knowledge of the subject matter of the request.

4. Because New York Civil Rights Law § 50-a was repealed on June 10, 2020, the police officer personnel and disciplinary records previously produced by the City Defendants in this case, Bates No. COR 1–5 and 70–200, are no longer "confidential." Additionally, the City Defendants may not mark any police personnel or disciplinary records, complaints of misconduct, internal investigatory records, or training materials as "confidential" as such records are now publicly available. Any records previously produced will be redacted as required by New York Senate bill S8496 sec. 3.

5. If the City Defendants fail to provide adequate responses to Plaintiff's discovery demands or otherwise violate this order, the Court will entertain another motion by Plaintiff pursuant to FRCP 37 to compel appropriate responses and/or for discovery sanctions.

6. The deadline for the close of Fact Discovery is extended from June 21, 2020 to October 31, 2020.

7. Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by November 30, 2020. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by December 31, 2020. Parties shall complete all discovery relating to experts, including depositions, by January 29, 2021.

8. Dispositive motions, if any, shall be filed no later than February 26, 2021. A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall immediately contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint

case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

(1) <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

(2) <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(3) <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4) <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

Requests to extend any of the above cutoff dates must be made upon written application <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

_____
Hon. Mark W. Pedersen
United States Magistrate Judge

Dated: July 7, 2020
Rochester, New York