UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

Tomás Medina,

                                      Plaintiff,

-against-

City of New York, Commissioner James O'Neill, Chief Of
Dep't Terrance Monahan, Sgt. Hekmatullah Mukhtarzada, Det.
Fabio Nunez, PO Shanee (Pierce) Hansler, PO David Callan,
Capt. William Gallagher, Sgt. Jose A. Gomez, PO Nay Htoo,
PO Christopher Siciliano, & PO John Doe,

                                      Defendants.

------------------------------------------------------------------x

**STIPULATION AND SETTLEMENT**

19 Civ. 9412 (AJN) (OTW)

**WHEREAS,** plaintiff Tomás Medina commenced this action by filing a complaint on or about October 10, 2019, alleging that defendants City of New York, Commissioner James O'Neill, Chief of Department Terrance Monahan, Sergeant Hekmatullah Mukhtarzada, Officer Shanee Hansler, Officer David Callan, Captain William Gallagher, Sergeant Jose Gomez, Officer Nay Htoo, and Officer Christopher Siciliano physically injured him, violating his federal civil and state common law rights; and

**WHEREAS,** all defendants deny any and all liability arising out of plaintiff's allegations in the above-captioned matter; and

**WHEREAS,** plaintiff's counsel represents that plaintiff has assigned all of his rights to attorneys' fees, expenses, and costs in the above-captioned matter to his counsel, the Legal Aid Society and Covington & Burling LLP; and

**WHEREAS,** counsel for defendants and counsel for plaintiff now desire to resolve all claims related to this litigation, including the issue of attorneys' fees, expenses, and costs without further proceedings;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, the attorneys of record for the respective parties to the above-captioned action, as follows:

1. Defendant City of New York hereby agrees to pay plaintiff Tomás Medina, within the time set forth in NY CPLR § 5003-A(b), the sum of Two Hundred Ninety-Five Thousand Dollars ($295,000.00) and defendant Fabio Nunez agrees to pay plaintiff Tomás Medina, within 90 days of the execution of this Stipulation, the sum of Five Thousand Dollars ($5,000.00), in full satisfaction of claims for physical injuries, and for any other claims brought in the above-captioned matter, or that could have been brought in the above-captioned matter on behalf of plaintiff, with the exception of attorneys' fees which have been assigned to counsel and will be paid to plaintiff's counsel separately. In consideration for the payment of these sums, plaintiff Tomás Medina agrees to the dismissal of all the claims in the above-captioned matter against the defendants City of New York, Commissioner O'Neill, Chief of Department Monahan, Sergeant Mukhtarzada, Officer Hansler, Officer Callan, Captain Gallagher, Sergeant Gomez, Officer Htoo, Officer Siciliano and Fabio Nunez and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, rights of action, or related state law claims, that plaintiff has, had, or may have arising from allegations set forth in the Complaint in this proceeding, whether known or unknown.

2. Defendant City of New York hereby agrees to pay plaintiff's counsel, the Legal Aid Society and Covington & Burling LLP, the total sum of Two Hundred Sixty-Seven Thousand Five Hundred Dollars ($267,500.00) in full satisfaction of plaintiff's claims for attorneys' fees, expenses, and costs in the above-captioned matter. Defendant City of New York hereby agrees to pay the Legal Aid Society, within the time set forth in NY CPLR § 5003-A(b), the sum of Fifty-Three Thousand Five Hundred Dollars ($53,500.00). Defendant City of New York hereby agrees to pay Covington & Burling LLP, within the time set forth in NY CPLR § 5003-A(b), the sum of Two Hundred Fourteen Thousand Dollars ($214,000.00). In consideration for the payment of Two Hundred Sixty-Seven Thousand Five Hundred Dollars ($267,500.00), counsel for plaintiff agrees to release and discharge defendants City of New York, Commissioner O'Neill, Chief of Department Monahan, Sergeant Mukhtarzada, Officer Hansler, Officer Callan, Captain Gallagher, Sergeant Gomez, Officer Htoo, Fabio Nunez, and Officer Siciliano; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all claims of attorneys' fees, expenses, and costs that were or could have been alleged in the above-captioned matter.

3. Counsel for plaintiff hereby agrees and represents that no other claims for attorneys' fees, expenses, or costs arising out of this action shall be made by or on behalf of plaintiff in any application for attorneys' fees, expenses, or costs at any time.

4. In further consideration of payment by the City of New York to Plaintiff of Two Hundred Ninety-Five Thousand Dollars ($295,000.00) and to plaintiff's counsel, the Legal Aid Society and Covington & Burling LLP, the total sum of Two Hundred Sixty-Seven Thousand Five Hundred Dollars ($267,500.00), defendant Fabio Nunez agrees to the dismissal of all cross-

claims against the City of New York, and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action that were or could have been brought in this matter, from the beginning of the world to the date of the General Release.

5. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. The terms of this stipulation shall not be admissible in, nor are they related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

6. Nothing contained herein shall be deemed to be an admission by the City that it is in any way liable to Fabio Nunez. The terms of this stipulation shall not be admissible in, nor are they related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement

7. This Stipulation and Order contains all the terms and conditions agreed upon by counsel for defendants and counsels for plaintiff hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of attorneys' fees, expenses, or costs shall be deemed to exist. or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
July 20, 2021

| | |
|---|---|
| COVINGTON & BURLING, LLP<br>*Counsel for Plaintiff Tomás Medina*<br>620 Eighth Avenue<br>New York, NY 10018-1405<br><br>By: _____<br>Ishita Kala, Esq. | GEORGIA M. PESTANA<br>Acting Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants City of New York,*<br>  *O'Neill, Monahan, Mukhtarzada,*<br>  *Hansler, Callan, Gallagher, Gomez,*<br>  *Htoo, and Siciliano*<br>100 Church Street, 4th Floor<br>New York, New York 10007<br><br>By: _____<br>Peter Brocker, Esq.<br>*Senior Counsel* |
| THE LEGAL AID SOCIETY<br>*Counsel for Plaintiff Tomás Medina*<br>199 Water Street<br>New York, NY 10038<br><br>By: _____<br>Molly Griffard, Esq. | KARASYK & MOSCHELLA, LLP<br>*Attorneys for Defendant Fabio Nunez*<br>233 Broadway, Suite 2340<br>New York, NY 10279<br>(212) 233-3800<br><br>By: _____<br>James Moschella, Esq. |